# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JUSTIN L. WORTHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16 C 8573 |
| | ) | |
| JJ SEVERSON AFFILIATES, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' partial motions to dismiss. For the reasons stated below, the partial motions to dismiss are granted.

## BACKGROUND

Plaintiff Justin T. Worthington (Worthington) alleges that he is of Native American ancestry. In June 2012, Worthington allegedly was employed by Defendant Jimmy John's Franchise, LLC at a restaurant in Skokie, Illinois. Worthington contends that he started as a delivery driver and earned promotions to the positions of General Manager and Area Manager. Alex Salisbury (Salisbury) and Harry Therault (Therault) were allegedly Worthington's direct supervisors. Worthington contends that Salisbury and Therault repeatedly made remarks and

1

jokes about racial stereotypes, ethnic stereotypes, sex and gender stereotypes, and other groups of individuals.  When Worthington became General Manager, Salisbury and Therault allegedly increased the frequency of their alleged inappropriate conduct in Worthington's presence.  Salisbury and Therault allegedly began reprimanding and publicly humiliating Worthington for minor errors and referred to Worthington by derogatory racial terms and other inappropriate terms.  In the summer of 2014, Worthington claims he could not longer put up with the alleged harassment and he became withdrawn and less inclined to engage in any conversation or banter with Salisbury or Therault.  Worthington contends that, as a result, in July 2014 he was demoted and then constructively discharged.  Worthington includes in his complaint claims alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981 (Section 1981) (Count I), Title VII and Section 1981 color discrimination claims, (Count II), Title VII and Section 1981 national origin discrimination claim (Count III), Title VII and Section 1981 hostile work environment claims based on race (Count IV),  Title VII and Section 1981 hostile work environment claims based on color (Count V), and Title VII and Section 1981 hostile work environment claims based on national origin (Count VI).  Defendants move to dismiss the Title VII color and national origin discrimination claims and the Title VII hostile work environment claims based on color and national origin.  Defendants also move to dismiss the claims brought against individual Defendants Brooke Severson and Todd Severson (collectively referred to as "Individual Defendants").

# LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

# DISCUSSION

Defendants argue that the Title VII claims cannot be brought against

Individual Defendants and that Worthington has not exhausted his administrative remedies in regard to his Title VII claims premised on his color and national origin.

## I. Individual Defendants

Defendants argue that the Individual Defendants cannot be sued in the personal capacity under Title VII. Title VII does not provide for individual liability against individuals who are not an employer. *See Passananti v. Cook Cty.*, 689 F.3d 655, 662 (7th Cir. 2012)(stating that "Title VII authorizes suit only against the employee" and that "[i]ndividual people who are agents of the employer cannot be sued as employers under Title VII"). Worthington does not allege that Individual Defendants were his employer and thus they cannot be held liable under Title VII in their individual capacities. Worthington concedes this point in response to the instant motion. (Resp. 2 n.1). Therefore, Defendants' motion to dismiss the claims brought against Individual Defendants is granted.

## II. Exhaustion of Administrative Remedies

Defendants contend that Worthington has not exhausted his administrative remedies in regard to his Title VII claims premised on his color and national origin by filing a charge with the Equal Employment Opportunity Commission (EEOC). A plaintiff seeking to bring a Title VII claim in Illinois must first file a charge with the EEOC and exhaust the available administrative remedies. *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 831 (7th Cir. 2015). In

addition to bringing Title VII claims that fall within the scope of the EEOC charge, a plaintiff can also file claims that are not specifically referenced in the EEOC charge if there is "a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1030 (7th Cir. 2013)(internal quotations omitted)(quoting *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)); *see also Gul-E-Rana Mirza v. The Neiman Marcus Grp., Inc.*, 649 F. Supp. 2d 837, 854 (N.D. Ill. 2009)(stating that "[t]o determine whether the allegations in the complaint fall within the scope of the earlier EEOC charge, a court must decide whether the allegations are like or reasonably related to those contained in the [EEOC] charge")(internal quotations omitted)(quoting *Kersting v. Wal-Mart Stores, Inc.*, 250 F.3d 1109, 1118 (7th Cir. 2001)).

Worthington filed a charge with the EEOC (Charge). The EEOC charge form used by Worthington made clear to him that race, color, and national origin discrimination are entirely distinct forms of discrimination. The form provides a box to check for "Race," "Color," and "National Origin" as bases for discrimination. Of the three, Worthington only checked the race discrimination box. Nor does Worthington's own words suggest color or national origin discrimination. In the Charge, Worthington stated that he was "racially harassed and sexually harassed." (EEOC 1). Worthington checked boxes indicating discrimination based on his race and sex and indicating he was retaliated against by his employer. (EEOC 1).

Worthington also stated that he "believe[d] that [he was] discriminated against because of [his] race, Native American, and sex, male, and in retaliation for engaging in a protected activity. . . ."  (EEOC 1).  Worthington failed to reference any discrimination or harassment based on his color or national origin and thus he failed to properly raise such claims before the EEOC.  Nor has Worthington shown that the color or national origin discrimination claims are reasonably related to his race discrimination claim, which is an entirely separate and distinct form of discrimination.  Worthington has also failed to show that the color or national origin discrimination claims could have been reasonably expected to grow out of an EEOC investigation of the alleged race discrimination.

Worthington contends that the EEOC Interview Summary in his EEOC investigation (Summary) shows that certain statements allegedly made by Salisbury and Therault related to Worthington's color and national origin.  However,  still Worthington failed to specify that he was asserting such discrimination in the Charge.  The Seventh Circuit has explained that "[t]he primary purpose of the EEOC charge requirement is twofold: it gives the EEOC and the employer a chance to settle the dispute, and it gives the employer notice of the employee's grievances."  *Huri*, 804 F.3d at 831.  The Summary appears to be only an informal document prepared during the investigation.  There is no indication that Defendants would have had notice of the Summary in a timely manner that would have enabled them to address settlement issues.  Nor would the fact that some statements were listed in records during the investigation be sufficient to alert Defendants to the fact that Worthington

was expanding his claims.  The Summary was not prepared by Worthington and he did not swear to the accuracy of the facts in the Summary.  It would be an unreasonable burden and a waste of resources to impose on employers to require them to continually sift through all EEOC investigation records and speculate as to whether the bases for a plaintiff's discrimination claims have shifted or expanded.  The court also notes that even if Defendants had notice of the Summary and read the alleged statements in the Summary, the Summary concludes the section with the statements by stating that Worthington "believes he was discriminated against because of his race, Native American, sex, male and in retaliation for engaging in a protected activity."  (Summary 1).  Thus, even if Defendants had been given the Summary, they would not have had a reasonable basis to conclude that Worthington was expanding his claims.

Worthington had an opportunity to make his claims clear on the form and he did so, by his selection of checked boxes and by stating the basis of his claims in his own words.  He cannot now, in retrospect, change that decision and find new bases for discrimination.  Such a result would defeat the purpose of requiring plaintiffs to seek administrative remedies before resorting to civil litigation.  Therefore, Worthington has failed to exhaust his administrative remedies in regard to his Title VII color and national origin based claims and Defendants' motion to dismiss such claims is granted.

## CONCLUSION

Based on the foregoing analysis, Defendants' partial motions to dismiss are granted.


_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated:   January 24, 2017